IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CR-150-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| FREDERICK DEVONE WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

On July 11, 2012, without a written plea agreement, Frederick Devone Williams ("Williams") pleaded guilty to six counts of distributing of a quantity of cocaine base (crack). See [D.E. 20, 37]. On February 27, 2013, the court held Williams's sentencing hearing. See [D.E. 52, 53]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Williams's total offense level to be 27, his criminal history category to be IV, and his advisory guideline range to be 100 to 125 months' imprisonment. See Resentencing Report. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Williams to 112 months' imprisonment on each count to run concurrently. See id.; [D.E. 53]. Williams did not appeal.

On May 6, 2015, Williams moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 56]. Williams's new advisory guideline range is 84 to 105 months' imprisonment, based on a total offense level of 25 and a criminal history category of IV. See Resentencing Report. Williams requests a 94-month sentence. See id.; [D.E. 56].

The court has discretion to reduce Williams's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th

Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Williams's sentence, the court finds that Williams engaged in serious criminal behavior. See PSR [D.E. 49] ¶¶ 5–10. Moreover, Williams is a violent recidivist and has convictions for simple assault, sale and delivery of cocaine, possession with intent to sell and deliver cocaine (two counts), trespassing, assault on a female, assault with a deadly weapon inflicting serious injury, and driving while impaired. See id. ¶¶ 12–19. Williams also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 15, 17, 21, 32–35. Nonetheless, Williams has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Williams received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Williams's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Williams's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Williams's motion for reduction of sentence [D.E. 56].

2

SO ORDERED. This 28 day of April 2018.

                                                              JAMES C. DEVER III
                                                              Chief United States District Judge